THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON, | CASE NO. C18-0852-JCC |
| Plaintiff, | ORDER |
| v. | |
| WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC (CRD#:11025), *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants Wells Fargo Advisors Financial Network, LLC and Wells Fargo Clearing Services, LLC's (collectively, "Wells Fargo" or "Defendants") motion to dismiss (Dkt. No. 10) and Plaintiff's motion to remand (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion to remand (Dkt. No. 21) and GRANTS Defendants' motion to dismiss (Dkt. No. 10) for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff's complaint is based on two August 2016 transactions in his Wells Fargo brokerage account that he asserts were unauthorized: a sale of 4,675 shares of SolarCity stock and a purchase of 10,000 shares of Square stock. (Dkt. No. 1-2 at 1.) Plaintiff alleges that he informed Defendants that these transactions were fraudulent on May 26, 2017, but that

Defendants "failed to protect [his] brokerage account" from fraudulent activity or to return his funds and stock positions. (*Id.*) He asserts that Defendants engaged in "self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds and stock positions without Plaintiff's authorization." (*Id.*)

The complaint does not clearly lay out causes of action, but makes reference to the Uniform Commercial Code ("UCC"), the Washington Consumer Protection Act ("WCPA"), the "Washington State Securities Act" (Securities Act"), fraud, negligence, conversion, breach of contract, and breach of fiduciary duty. Plaintiff seeks punitive damages, as well as the "return of [his] funds with prejudgment interest," the return of "519 shares of Tesla stock and 2500 shares of Monsanto stock," and treble damages under the WCPA. (*Id.* at 3.) Defendants timely removed this case based on diversity jurisdiction and now moves to dismiss for failure to state a claim. (Dkt. Nos. 1 at 1, 10.) Plaintiff responded with a motion to remand. (Dkt. No. 21.)

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

#### 1. Legal Standard

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject-matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c).

#### 2. Analysis

The Court finds no procedural defect that would merit remand. Plaintiff asserts that removal was defective because of information omitted from the civil cover sheet. (Dkt. No. 21 at 3.) All information relevant to removal was included in Defendants' notice of removal and Plaintiff's attached complaint. (*See* Dkt. Nos. 1 and 1-1.)

The Court further finds that it has diversity jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a)(1). Plaintiff is a resident and citizen of Washington. (Dkt. No. 1-2 at 2.) Defendants are both limited liability companies, which are citizens of every state of which their members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The single member of Wells Fargo Advisors Financial Network, LLC and Wells Fargo Clearing Services, LLC is Wachovia Securities Financial Holdings, LLC, which in turn has a single member: EVEREN Capital Corporation. (Dkt. Nos. 4 at 1, 5 at 1) EVEREN Capital Corporation is incorporated in Delaware and has its principal place of business in North Carolina. (Dkt. Nos. 1 at 2–3, 23 at 3); 28 U.S.C. § 1332(c)(1). Defendants are thus citizens of those states. Therefore, there is complete diversity of the parties in this action.

The amount in controversy requirement is also met even though Plaintiff's complaint does not specify the amount sought. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Defendants prove the requisite amount in controversy by monetizing the value of the allegedly fraudulent transfers and Plaintiff's claim for additional stock shares. (Dkt. No. 11 at 3.) Defendants represent that on August 5, 2018, the closing price of 4,675 SolarCity shares was approximately $115,893.25 and the closing price of 100,000 Square shares was approximately $111,500. (Dkt. No. 1 at 3) (citing online information from HistoricalStockPrice.com and NYSE.com). Further, Plaintiff's demand for Tesla and Monsanto stock shares, at their traded value most near the time of removal, amounts to an additional claim for damages of approximately $165,145.80 and $319,875.00 respectively. (Dkt. No. 23 at 3.) The Court may take judicial notice of these publically traded companies' historical stock prices, as they are readily ascertained and not subject to reasonable dispute. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008). The amount in controversy clearly exceeds $75,000.

Plaintiff's motion to remand is DENIED.

**B. Defendants' Motion to Dismiss**

1. <u>Legal Standard</u>

The Court may dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). A plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

2. <u>Analysis</u>

Defendant fails to plead facts sufficient to state a plausible claim for relief. Plaintiff's claims are first deficient because he fails to allege injury or causation. Plaintiff asserts only that Defendants failed to notify him of unauthorized transactions, to "protect the brokerage account," or to return his funds and stock positions. (Dkt. No. 1-2 at 2.) He does not state that he was harmed by the transactions or by Defendants' failure to reverse them. Nor does he indicate if he retained the Square stocks, which have since increased in value. (*See* Dkt. No. 1-2; Dkt. No. 10 at 3.) Indeed, it is unclear how his request for return of his "funds" and Tesla and Monsanto stocks is connected to the allegedly fraudulent SolarCity and Square stock transactions. (Dkt. No.

1-2 at 3.) Without any facts pled regarding causation or harm, Plaintiff's WCPA claim necessarily fails, as does his negligence claim. *See Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (the elements of a WCPA claim include injury and causation); *Degel v. Majestic Mobile Manor, Inc.*, 914 P.2d 728, 731 (Wash. 1996) (the elements of a negligence claim include injury and causation).

Plaintiff's conversion claim is also deficient. He fails to allege facts allowing for a reasonable inference that Defendants willfully interfered with his assets, received funds from his account, or possessed funds that they had an obligation to return to him. *See Consulting Overseas Mgmt. v. Shtikel*, 18 P. 3d 1144, 1177 (Wash. Ct. App. 2001) (describing elements of a conversion claim based on money).

Nor does Plaintiff indicate that Defendants made any fraudulent statements or took fraudulent actions that would support a Securities Act or fraud claim. *See Kinney v. Cook*, 154 P.3d 206, 210 (Wash. 2007) (quoting Wash. Rev. Code 21.20.010) (a private action under the Securities Act requires a fraudulent or deceitful act); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (fraud requires a false representation). Plaintiff's complaint alleges fraudulent activity by an unnamed third-party. (Dkt. No. 1-2 at 2.) It includes no facts to permit a reasonable inference that Defendants acted fraudulently or deceitfully by refusing to reverse the contested transactions. Plaintiffs allegations that Defendants engaged in "self-dealing" and "[manipulated]" his funds represent "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Although the complaint references "the [UCC] (4.22.005 to 925)," there is no such section in the Washington Universal Commercial Code. Further, Revised Code of Washington section 4.22.005 involves contributory fault in calculating damages. Plaintiff may be attempting to reference UCC Article 4, regarding bank deposits and collections, which is codified in Washington law under section 62A-4. *See*, *e.g.*, Wash. Rev. Code § 62A.4A-204 (addressing payment orders for bank customers). However he pleads neither specific facts nor law that would

allow the Court to make such an inference or discern a plausible UCC claim.

Finally, Plaintiff cannot sustain a claim for breach of contract or breach of fiduciary duty on the facts pled. Either of these claims would stem from Plaintiff's Client Agreement.[1] (*See* Dkt. No. 11 at 5–20.) However, the terms of this agreement bar Plaintiff's claims, placing on the account holder the responsibility to review account statements and confirmations and to notify Wells Fargo in writing within ten days of receipt[2] of such notifications if the information is inaccurate. (Dkt. No. 11 at 6.) Failure to do so prevents the client "from later asserting that such transactions were unauthorized." (*Id*.) To note, Plaintiff argues that he "did not sign the agreement on March 3, 2016," as shown in the exhibit attached to Defendants' motion. (Dkt. No. 21 at 4.). But Plaintiff either entered into an agreement with Defendants that bars his claims, or he did not enter into an agreement and thus cannot bring contract claims. He cannot have it both ways.

Even construing Plaintiff's complaint liberally, the Court concludes that it fails to state a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The complaint is DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so within **21 days** of this order being issued. In his amended complaint, Plaintiff must allege facts that demonstrate Defendants are is liable to him for harm caused by the alleged fraudulent transfers and that his claims are not barred by his Client Agreement.

---

[1] The Court may consider this agreement on a motion to dismiss because Plaintiff's complaint incorporates it by reference. It refers to and relies on the agreement, and while Plaintiff claims he did not sign the agreement, he does not call into question the authenticity of the signed copy that Defendants attach to their motion. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir 2006).

[2] Plaintiff asserts that he did not receive any notices, but the Client Agreement states "all communications [Wells Fargo provides] by mail, electronically or otherwise, shall be deemed personally delivered to [the client], whether [he] actually received the communication or not." (Dkt. No. 11 at 6.) Plaintiff does not assert that Wells Fargo failed to deliver account statements for nine months. Nor does he indicate how he became aware of the disputed transactions.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 21) is DENIED, and Defendants' motion to dismiss (Dkt. No. 10) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend.

DATED this 6th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE