UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO ADVISORS<br>FINANCIAL NETWORK, LLC<br>(CRD#:11025), *et al.*,<br><br>    Defendants. | CASE NO. C18-0852-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 27) Plaintiff's amended complaint (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion to dismiss (Dkt. No. 27) for the reasons explained herein.

I. **BACKGROUND**

The Court previously granted Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 25.)[1] The Court dismissed Plaintiff's complaint without

---

[1] This is one of six lawsuits filed by Plaintiff against various financial institutions, five of which are pending before the Court. *See McClellon v. OptionsHouse*, Case No. C18-0817-JCC, Dkt. No. 1-1 (W.D. Wash. June 5, 2018); *McClellon v. Bank of America, N.A.*, Case No. C18-0829-JCC, Dkt. No. 1-1 (W.D. Wash. June 7, 2018); *McClellon v. Capital One Bank N.A.*, Case

prejudice and with leave to amend. (*Id*.) Plaintiff filed an amended complaint. (Dkt. No. 26.)

Plaintiff's amended complaint alleges that two unauthorized transactions occurred in his Wells Fargo brokerage account in August 2016: a sale of 4,675 shares of SolarCity stock, and a purchase of 10,000 shares of Square stock. (*Id*.) Plaintiff alleges that he informed Defendants that these transactions were fraudulent in May 2017. (*Id*.)

Plaintiff asserts that his claims arise under the Uniform Commercial Code ("UCC"), Washington Consumer Protection Act ("WCPA"), Washington State Securities Act ("Securities Act"), and the regulations implementing the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. ("Regulation E"). (*Id*.) Plaintiff also asserts that Defendants engaged in self-dealing, fraud, and conversion, committed negligence, and breached their fiduciary duty. (*Id*.) Plaintiff seeks treble damages under the WCPA, punitive damages, an award of his fees and costs, and an order requiring Defendants to both make Plaintiff whole by returning his funds with prejudgment interest and "return 519 shares of Tesla stock and 2500 shares of Monsanto stock to Plaintiff." (*Id*.)

Defendants move to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 27.)

## II. DISCUSSION

### A. Legal Standards

The Court may dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

---

No. C18-0909-JCC, Dkt. No. 1-1 (W.D. Wash. June 21, 2018); *McClellon v. Citigroup Global Markets Inc.*, Case No. C18-0978-JCC, Dkt. No. 1-1 (W.D. Wash. July 2, 2018).

ORDER
C18-0852-JCC
PAGE - 2

Although the Court must accept a complaint's well-pled facts as true, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Federal Rule of Civil Procedure 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### B. McClellon's Claims

#### 1. Lack of Injury

In its order dismissing Plaintiff's original complaint, the Court noted that Plaintiff's assertions that Defendants failed to notify him of the allegedly fraudulent transactions, protect his account, or return his funds were insufficient to establish injury. (Dkt. No. 25 at 4.) The Court also noted that Plaintiff had not demonstrated how his requested relief, a return of funds and an award of Tesla and Monsanto stock, was connected to the allegedly fraudulent SolarCity and Square stock transactions. (*Id.*)

In his amended complaint, Plaintiff states that he was harmed or injured as a result of Defendants' actions or inaction, that his damages must still be ascertained, and requests the same relief. (*See* Dkt. No. 26 at 2–3, 6–7.) Plaintiff's conclusory statements that he was harmed are not sufficient to establish that he suffered injury. Plaintiff has not alleged facts that demonstrate the sale of SolarCity stock and purchase of Square stock caused him a loss. Absent sufficient facts pled on the issue of his injury, Plaintiff's WCPA and negligence claims are both DISMISSED. *See Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (the elements of a private WCPA claim include an injury suffered by the plaintiff); *Degel v. Majestic Mobile Manor, Inc.*, 914 P.2d 728, 731 (Wash. 1996) (the elements of a negligence

claim include injury to the plaintiff).

### 2. UCC

Plaintiff alleges that Defendants violated "the Uniform Commercial Code (4.22.005 to 925)[.]" (Dkt. No. 26 at 1.) No such provision exists in the Washington Uniform Commercial Code. The Court's order dismissing Plaintiff's original complaint noted that, if Plaintiff was attempting to reference Article 4 of the UCC or its Washington equivalent, he pled "neither specific facts nor law that would allow the Court to make such an inference or discern a plausible UCC claim." (Dkt. No. 25 at 5–6.) Plaintiff's amended complaint has neither pled additional facts relevant to a UCC claim nor provided legal argument supporting such a claim. Therefore, any claim Plaintiff makes for violation of the UCC or its Washington equivalent is DISMISSED.

### 3. Securities Act and Fraud

To maintain a private action under the Securities Act, a plaintiff must establish "(1) a fraudulent or deceitful act committed (2) in 'connection with the offer, sale or purchase of any security.'" *Kinney v. Cook*, 154 P.3d 206, 210 (Wash. 2007) (quoting Wash. Rev. Code § 21.20.010). The elements of common law fraud include representation of an existing fact and falsity. *See Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008). Plaintiff argues that Defendants acted as a "broker" or "clearing house" through which the alleged fraudulent transactions were conducted, and that Defendants were negligent in not verifying or reversing the alleged fraudulent transactions. (Dkt. No. 26 at 2.) But Plaintiff does not allege that Defendants themselves committed a fraudulent or deceitful act or made a false representation to him. Therefore, Plaintiff has not alleged facts supporting a reasonable inference that Defendants violated the Securities Act or committed common law fraud, and his claims are DISMISSED.

### 4. Breach of Fiduciary Duty

To establish a claim of breach of a fiduciary duty, a "plaintiff must prove (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." *Micro Enhancement Intern., Inc. v. Coopers & Lybrand, LLP*, 40

P.3d 1206, 1217 (Wash. Ct. App. 2002). As discussed above, Plaintiff has not established that he was injured by Defendants' alleged actions or inaction. Further, Plaintiff has not pled facts leading to a reasonable inference that Defendants owed him a fiduciary duty. Plaintiff explicitly states that "there's no signed contract" between the parties. (Dkt. No. 26 at 3.) Plaintiff instead alleges that, "Defendant[s] made a promise of Fiduciary duty to Plaintiff." (*Id*.)[2] Plaintiff does not provide any other facts about the alleged promise. Plaintiff's conclusory assertion that Defendants made a promise to him is insufficient, standing alone, to establish that Defendants owed him a fiduciary duty. As Plaintiff has failed to establish the existence of a duty owed or injury, his claim that Defendants breached their fiduciary duty is DISMISSED.

Plaintiff also cites the Restatement (Third) of Agency and the Restatement (Second) of Torts, as well as Washington case law applying agency principles to find agents liable for harm suffered by principals. (*Id*. at 4–5.) But nowhere in his amended complaint does Plaintiff assert that Defendants were his agents, and therefore are liable for his alleged harm. Further, even construing Plaintiff's amended complaint liberally, Plaintiff has not pled sufficient facts leading to a reasonable inference that Defendants were acting as Plaintiff's agents when the alleged fraudulent transactions occurred. Therefore, to the extent that Plaintiff argues that Defendants are liable to him for a breach of duty in their capacity as agents, such claim is DISMISSED.

5. Conversion

Plaintiff has failed to allege sufficient facts allowing the Court to draw a reasonable inference that Defendants willfully interfered with Plaintiff's assets, wrongfully received funds from Plaintiff's account, or possessed funds that they had an obligation to return to Plaintiff. *See Consulting Overseas Mgmt., Ltd. v. Shtikel*, 18 P.3d 1144, 1147 (Wash. Ct. App. 2001)

---

[2] In its order dismissing Plaintiff's original complaint, the Court noted that Plaintiff's breach of contract and breach of fiduciary claims had to based on his Client Agreement with Defendants. (Dkt. No. 25 at 6.) The Court further stated that Plaintiff's claims were either barred by his Client Agreement, or he could not bring them if he did not enter into the Client Agreement. (*Id*.) In his amended complaint, Plaintiff has abandoned his breach of contract claim, and premises his breach of fiduciary claim on the alleged promise from Defendants.

(describing elements of a conversion claim based on money). Therefore, Plaintiff's claim of conversion is DISMISSED.

### 6. Regulation E

Regulation E consists of a series of regulations that lay out the "basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer and remittance transfer services and of financial institutions or other persons that offer these services." 12 C.F.R. § 1005.1. Plaintiff only asserts that, "There is also a case of Regulation E because there was an unauthorized ACH and ACAT."[3] Plaintiff's general reference to Regulation E does not inform the Court of which provision Plaintiff is claiming Defendants violated. Further, Plaintiff's claim that there was "an unauthorized ACH and ACAT" does not provide the Court with sufficient factual information to evaluate how Defendants are liable for the alleged violation. Therefore, Plaintiff's claim that Defendants violated Regulation E is DISMISSED.

### 7. Remaining Claims

Plaintiff's claims that Defendants engaged in "self-dealing" and "[manipulated]" his funds represent "an unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and therefore are DISMISSED. *Iqbal*, 556 U.S. at 678.

## III. CONCLUSION

Even construing Plaintiff's amended complaint liberally, the Court concludes that it fails to state a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (district courts are to construe *pro se* complaints liberally). Further, although the Court previously dismissed Plaintiff's complaint without prejudice, further amendment would be futile because Plaintiff has failed to correct the deficiencies in his complaint and has provided nothing in his amended to complaint to suggest that he will do so in the future. *See Cervantes v.*

---

[3] Plaintiff does not define either acronym. "ACH" appears as the abbreviation of "automated clearinghouse" in Regulation E. *See* 12 C.F.R. § 1005.14. Regulation E does not appear to use the acronym "ACAT."

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 27) is GRANTED. Plaintiff's amended complaint (Dkt. No. 26) is DISMISSED with prejudice.

DATED this 11th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE