THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE McCLELLON,

    Plaintiff,

 v.

WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC (CRD#:11025), *et al*.,

    Defendants.

CASE NO. C18-0852-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to vacate judgment and for leave to amend complaint (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

On May 17, 2018, Plaintiff filed this lawsuit in King County Superior Court. (Dkt. No. 1-2.) On June 12, 2018, Defendants removed the case to this Court. (Dkt. No. 1.)[1] On June 19, 2018, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 10.) On July 9, 2018, Plaintiff filed a motion to remand that also responded to Defendants' motion. (Dkt. No. 21.) On August 6, 2018, the Court granted Defendants' motion to dismiss and

---

[1] Although initially assigned to the Honorable Robert S. Lasnik, the case was reassigned to this Court on June 26, 2018. (*See* Dkt. No. 18.)

ORDER
C18-0852-JCC
PAGE - 1

dismissed Plaintiff's complaint without prejudice and with leave to amend. (Dkt. No. 25.)

Plaintiff filed an amended complaint on August 27, 2018. (Dkt. No. 26.) Defendants again moved to dismiss, and the Court granted Defendants' motion on October 12, 2018. (Dkt. Nos. 27, 30.) The Court dismissed Plaintiff's amended complaint with prejudice, in light of Plaintiff's failure to cure the deficiencies previously identified by the Court, and entered judgment the same day. (Dkt. Nos. 30, 31.)

On January 22, 2019, Plaintiff filed a one-page letter asking the Court to vacate its judgment dismissing his amended complaint. (Dkt. No. 32.) Plaintiff states that he has been "battling a chronic disease for over a year and it had intensified since Mid-October 2018 leaving [him] physically incapable to respond in a timely matter to this case and many other cases." (*Id.*) Plaintiff also requests an additional 14 days to file a second amended complaint. (*Id.*)

In the Ninth Circuit, *pro se* parties are held to less stringent pleading standards than attorneys. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus, the Court construes Plaintiff's letter (Dkt. No. 32) as a motion to obtain relief from the Court's judgment dismissing his amended complaint. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). To determine whether a party acted with excusable neglect, district courts examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)). Rule 60(b)(6) applies "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

In this case, Plaintiff has not demonstrated excusable neglect meriting vacation of the

judgment. Plaintiff's motion to vacate the judgment asserts that an unspecified "chronic illness," which "intensified since Mid-October 2018," left him "physically incapable to respond in a timely manner in this case and many other cases." (Dkt. No. 32.) But Plaintiff timely responded to Defendants' motion to dismiss his amended complaint. (*See* Dkt. Nos. 27, 28.) The Court dismissed Plaintiff's amended complaint with prejudice after he failed to cure the deficiencies in his initial complaint identified by the Court, and entered judgment reflecting the same. (Dkt. Nos. 30, 31.) The Court did not fault Plaintiff for failing to respond in a timely manner to either Defendants' motions or the Court's own directives. (*See* Dkt. No. 30.) Plaintiff's motion to vacate judgment does not readily disclose another basis for a finding of excusable neglect, and therefore he has not established excusable neglect under Rule 60(b)(1). (*See* Dkt. No. 32); *Briones*, 116 F.3d at 381.

Similarly, Plaintiff has not established the existence of extraordinary circumstances justifying vacation of the judgment under Rule 60(b)(6). As discussed above, Plaintiff timely responded to Defendants' motion to dismiss Plaintiff's amended complaint. (*See* Dkt. Nos. 27, 28.) The Court ruled on the merits of the motion and dismissed Plaintiff's amended complaint with prejudice. (Dkt. No. 30.) Plaintiff has not argued that the Court's order dismissing his amended complaint was erroneous, nor has he argued that his medical condition prevented him from taking timely action that would have prevented such an erroneous judgment. *See Alpine Land*, 984 F.2d at 1049. Thus, Plaintiff has not established that some other reason justifies vacating the Court's judgment. *See* Fed. R. Civ. P. 60(b)(6).

As Plaintiff has not established grounds for vacating the Court's judgment, he is precluded from seeking leave to file a second amended complaint. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). Therefore, Plaintiff's motion to vacate judgment and for leave to amend complaint (Dkt. No. 32) is DENIED.

//

//

1    DATED this 28th day of February 2019.

*John C. Coughenour*
UNITED STATES DISTRICT JUDGE